286 A.2d 589.

## Claire Goldstein *vs*. Edward Goldstein.

JANUARY 28, 1972.

Present: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

Paolino, J. This is an appeal from an order of the Family Court which adjudged Edward Goldstein, the respondent, in contempt for violating the terms of an interlocutory divorce decree of that court.

On August 4, 1970, the Family Court entered an interlocutory divorce decree in which respondent was awarded custody of his daughter who is a minor. This award was without prejudice to petitioner if she sought modification of the decree as it regarded the custody of the child. The decree stated that

"The parties will attempt to arrange reasonable visitation rights with the mother for certain periods of time each week, holidays and vacation periods. If the parties cannot reach agreement as to such visita-

tion rights, either party may apply to the Court to set specific visitation rights."

Soon thereafter, respondent, without notifying the court or petitioner, removed the child from the jurisdiction of the Family Court by traveling to Israel where he and his daughter were living at the time of this appeal.

On November 24, 1970, petitioner filed a motion to adjudge respondent in contempt. The motion stated that petitioner was being denied the reasonable visitation rights granted her under the interlocutory decree. In its order adjudging respondent in deliberate contempt of the decree of August 4, 1970, the Family Court stated that respondent could purge himself of contempt by immediately returning the minor child of the parties to the State of Rhode Island and to the jurisdiction of the court; and that until respondent purged himself of contempt, he was enjoined and restrained from presenting any final decree of divorce for entry in that court.

The principal issue before us is whether respondent was properly adjudged in contempt of court after he removed the child from the State of Rhode Island.

The respondent contends that removal of the child to Israel does not constitute contempt of the order of the court with reference to the visitation rights of petitioner since the purpose of removal was to obtain employment in Israel and to avoid harassment by petitioner; that the Family Court cannot require the return of a minor to its jurisdiction where no prior restraints were set forth in the court's interlocutory decree; and that the court has no jurisdiction to enjoin entry of the final decree.

We do not agree with these contentions and in view of our conclusions it is unnecessary to discuss each one separately.

The jurisdiction of the Family Court over these parties and the subject matter of their divorce cannot be denied.

Claire Goldstein had filed a petition for a bed and board divorce from Edward Goldstein. He, in turn, had filed a cross-petition for an absolute divorce; both parties and the minor child were residents of Rhode Island at the commencement of that action. They had submitted themselves and the matter of their divorce to the jurisdiction of the Family Court where a hearing was held and testimony was taken on March 18, 1970.

At the hearing on this appeal, we learned that about ten days after the August 4 decree was entered, respondent traveled to Israel with his daughter without notifying petitioner or the court. The respondent had made no attempt to comply with the decree which tried to arrange visitation rights for the mother; nor had he afforded petitioner the opportunity to seek compliance with the decree.

The short answer here is that the Family Court has the power to enter such decrees and orders as may be necessary or proper to carry into full effect all the powers and jurisdiction conferred upon it by law. General Laws 1956 (1969 Reenactment) §§8-6-1, 8-10-38.

It is within the power of that court to enter an order which adjudges respondent in contempt and requires the return of the minor child as a prerequisite to entry of the final divorce decree. Section 8-10-38.

The Family Court's order was not vindictive or punitive in nature. The respondent may purge himself of the contempt by returning the minor child to this jurisdiction. The purpose of enjoining the entry of a final decree is to insure compliance by respondent with the order of the court. This decision is solely within the discretion of that court and we do not disturb that decision unless there is an abuse of discretion. We find none.

The appeal is denied and dismissed and the order appealed from is affirmed.

Motion to reargue denied.

*Richard B. Tucker*, Rhode Island Legal Services, Inc., for petitioner.

*Raymond J. Surdut*, for respondent.